# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANOLO LEE TORRES,

    Plaintiff,

v.

MATT STERMITZ, *et al.*,

    Defendants.

3:17-cv-00578-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Manolo Torres's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and his *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed as detailed below.

## I.   *IN FORMA PAUPERIS* APPLICATION

    As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Based on plaintiff's application, the court finds that plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1.) The court therefore recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II.   LEGAL STANDARD

    Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2)(B) (2012). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff must be given some notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit) or fanciful factual allegations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

### III.   DISCUSSION

**A.   Background**

Plaintiff is a pretrial detainee currently incarcerated at Humboldt County Detention Center. (ECF No. 1-1 at 1.) Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil rights claims against Humboldt County Public Defender Matt Stermitz ("Stermitz"), City of

Winnemucca, Humboldt County, and Washoe County Crime Lab. (*Id.*) Plaintiff's allegations arise from his state criminal prosecution for felony driving under the influence of alcohol ("DUI") in the Justice Court of Union Township, County of Humboldt. (*Id.* at 3–6, 13.)

On July 13, 2017, plaintiff was involved in a traffic collision at an intersection in Winnemucca, Nevada. (*Id.* at 15.) According to plaintiff, he lawfully yielded and proceeded through the intersection, but a car "ran a stop sign on the north and ran into the right front of [plaintiff's] car." (*Id.* at 3.) Winnemucca Police arrived and took statements from plaintiff, his passenger, and the driver. (*Id.* at 3, 5.) Plaintiff was then arrested for felony DUI and misdemeanor failure to yield. (*Id.* at 15–16.)

In Count I, plaintiff outlines a number of grievances against his public defender, Stermitz. Plaintiff claims that Stermitz offered "no real answers" to plaintiff during their initial meeting, refused to accept plaintiff's calls, "went on vacation," and did not engage in discovery. (*Id.*) Stermitz also allegedly forged plaintiff's signature on a document waiving his right to a preliminary hearing. (*Id.* at 4.) Plaintiff filed a police report regarding the forgery and appears to takes issue with Stermitz's continued representation of plaintiff. (*Id.*) Finally, plaintiff claims that Stermitz violated his right to due process of law. (*Id.*)

In Count II, plaintiff describes several deficiencies in his arrest and criminal proceeding. First, plaintiff states that "his first DUI was 9 years ago" and, without any elaboration, concludes that his bail is set at an excessive amount — $50,195. (*Id.* at 5.) Second, plaintiff contends that Winnemucca Police erroneously reported "the accident site 6 blocks from where it happened." (*Id.*) Third, plaintiff alleges that he never received his statement, his passenger's statement, nor the other driver's statement regarding the traffic incident, and he never received records of the "car camera and police camera," despite receiving "paper work" recording his receipt of these documents. (*Id.* at 5, 20.) Fourth, plaintiff claims that he never waived his right to a preliminary hearing or a speedy trial, but is "still sitting here in Humboldt County Jail 68 days later." (*Id.*) Finally, plaintiff states that he received "part of [his requested] discovery 45 days after [he] was arrested [but] never received the rest [and] never had [an] attorney client meeting." (*Id.*) Without

3

1  further explanation, plaintiff claims that his rights under the Eighth Amendment, Fourth
2  Amendment, Sixth Amendment, and Fourteenth Amendment were violated.
3      In Count III, plaintiff again complains that Stermitz violated his due process rights. (*Id.* at
4  6.) Stermitz ignored plaintiff's calls, denied plaintiff the opportunity to receive a preliminary
5  hearing, and refused to "consider anything but [plaintiff] being guilty." (*Id.*) Stermitz also
6  exhibited "anger" that made attorney-client communication impossible, and yet plaintiff has not
7  been appointed new defense council. (*Id.*) Plaintiff emphasizes that his involuntary waiver to the
8  preliminary hearing increased the appearance of his guilt and resulted in his insurance being held
9  liable for the collision despite plaintiff's lack of fault. (*Id.*)
10     Plaintiff requests that this court grant him the equitable relief of removing his criminal
11 proceeding to federal court. (*Id.* at 9.) Additionally, he seeks "restitution if [his] case is upheld,"
12 which the court can only interpret as a request for damages. (*Id.*) For the reasons discussed
13 below, the court dismisses plaintiff's claims for equitable relief without prejudice and stays his
14 claims for damages until such time that his criminal proceedings have concluded.

15 **B.**     ***Younger* Abstention**

16     In upholding the principles of federalism, federal courts typically will not interfere in
17 ongoing state criminal proceedings absent extraordinary circumstances. *See Younger v. Harris*,
18 401 U.S. 37, 43–54 (1971); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S.
19 423, 423 (1982) ("Minimal respect for the state processes, of course, precludes
20 any *presumption* that the state courts will not safeguard federal constitutional rights"). *Younger*
21 abstention is required if "(1) there are ongoing state judicial proceedings, (2) the proceedings
22 implicate important state interests, and (3) there is an adequate opportunity in the state
23 proceedings to raise federal questions." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218,
24 223 (9th Cir. 1994). Where all three elements are met, the court must dismiss claims for
25 equitable relief because it lacks the discretion to grant such relief, *Beltran v. California*, 871 F.2d
26 777, 782 (9th Cir. 1988), and stay claims for damages until the resolution of the underlying
27 criminal proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).
28

Here, all three *Younger* factors are met, so the court must abstain from hearing plaintiff's claims. First, it is evident that plaintiff is a pretrial detainee and that his state court criminal case was ongoing at the time of filing. (*See* ECF No. 1-1 at 5, 9). The pendency of his criminal prosecution is implied by his focus on pre-trial matters, such as discovery deficiencies and his waiver of a preliminary hearing, as well as his direct request that his case "proceed to federal court …." (*Id*. at 3–6, 9.) Second, the criminal nature of the proceeding against plaintiff implicates important state interests that justify abstention. *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (prosecuting criminal behavior is an important state interest).

Third, the state criminal proceeding provides plaintiff with ample opportunity to raise the federal claims that appear in his complaint. Though not stated as such in the complaint, plaintiff's numerous criticisms of Stermitz in Count I and III, and his request for this court to take jurisdiction over his criminal proceeding, appear to be an attempt at securing new counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (outlining Sixth Amendment right to *effective* assistance of counsel). Plaintiff can raise any federal question he may have as to Stermitz's competency by filing a motion for substitution of counsel, or its equivalent, depending on the local rules of the particular state court handling plaintiff's criminal case. *See, e.g.*, NEVADA RURAL JUSTICE COURT RULES, RULE 12 (2017). Should plaintiff be convicted, his ineffective assistance of counsel claim would ripen and he may bring such claim on appeal or by way of writ of habeas corpus. *Strickland*, 466 U.S. at 688; *see Dubinka*, 23 F.3d at 223 (acknowledging that state court proceedings still considered pending for abstention purposes at conclusion of criminal trial and through appeal).

The court notes that plaintiff's allegation that Stermitz forged his signature on a preliminary hearing waiver sounds in state criminal and tort law, but does not give rise to its own constitutional or federal cause of action under § 1983. (ECF No. 1-1 at 4). Nor do plaintiff's undirected discovery disputes in Count II impinge upon a constitutional or federal right. (*Id.* at 5.) To the extent that plaintiff's right to due process is implicated, he may vindicate this right by motion to the state court under the applicable procedural rules of the court. *See, e.g.*, NEVADA JUSTICE COURT RULES OF CIVIL PROCEDURE, RULE 37(a) (2016). Similarly, plaintiff has an

adequate opportunity to move the state court to remedy his allegedly excessive bail. LOCAL RULES OF PRACTICE FOR THE RURAL JUSTICE COURTS IN THE STATE OF NEVADA, RULE 9 (2016). Finally, plaintiff's speedy trial claim may be raised on appeal or by habeas in the event that he is convicted, and in any event it is not a basis for the court to intervene in his state criminal case. *See Wright v. Volland*, 331 Fed. Appx. 496, 498 (9th Cir. 2009).

Because all three *Younger* factors are met, this court cannot award plaintiff's requested equitable relief that the court intervene in his criminal case, nor is the court authorized to award plaintiff's requested "restitution" at this juncture. (ECF No. 1-1 at 6.) The court recommends that plaintiff's claim for equitable relief be dismissed without prejudice. The court further interprets plaintiff's request for "restitution" as a claim for damages and recommends that this claim be stayed pending his state criminal case. *Gilbertson*, 381 F.3d at 984; *Rhoden v. Mayberg*, 361 Fed. Appx. 895, 896 (9th Cir. 2010) ("district court properly dismissed ... claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed").

## IV.  CONCLUSION

Consistent with the foregoing, the court finds that *Younger* abstention prevents this court from granting plaintiff's requested relief. The court recommends that plaintiff's complaint be dismissed with prejudice to the extent that it seeks equitable relief. However, the court recommends that plaintiff's action be stayed to the extent that it seeks damages.

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** to the extent that it seeks equitable relief.

**IT IS FURTHER RECOMMENDED** that the District Court issue an order staying this action, to the extent it seeks damages, until the related state criminal case is no longer pending;

**IT IS FURTHER RECOMMENDED** that the clerk administratively close this case;

**IT IS FURTHER RECOMMENDED** that plaintiff, if he wishes to continue with this case after the disposition of the criminal charges against him, must file a request that the stay be lifted and the case be re-opened within sixty (60) days of the final disposition of the criminal charges (including all appeals).

**DATED**: March 7, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**